MARTIN E. BRIGHAM

*v.*

THE H. G. MULOCK COMPANY.

[Submitted April 15th, 1908.   Decided April 29th, 1908.]

1. Where a covenant provided that no building should be erected within twenty feet of the front property line of any street, except on A. avenue, or within five feet of the side line of any lot, the building line applied to both the front and side street lines of corner lots.

2. Where a street line building restriction was inserted in the deeds to a city addition, whether the rights of an owner of a single lot to enforce the restriction had become barred by acquiescence in the violation of the covenant by others must be measured by the relation of the asserted violation to the individual lot.

3. Where a land company sold lots in a city addition with a building line restriction, no subsequent failure of the company to enforce such covenants in behalf of its remaining unsold lots could destroy the right of a purchaser of a lot subject to such restriction to enforce the same on behalf of his lot; the covenant having been made for the benefit thereof, pursuant to a general building plan.

4. Where a building line restriction provided that no building should be erected within twenty feet of the front property line of any street, except A. avenue, or within five feet of the side line of any lot, the fact that various encroachments on the five-foot restriction had been permitted did not show the abandonment of the restriction of twenty feet.

5. The erection of open porches and bay windows extending over a building line of twenty feet, pursuant to a popular interpretation of the restriction, was not evidence of an abandonment of the general building line scheme.

6. A lot owner, entitled to the benefit of a building line restriction, could not be charged with abandoning such rights because he did not interfere to enforce the covenant in a case in which he had no substantial interest to protect for his own benefit.

7. The erection of a double house, consisting of two houses under one roof, constituted a violation of the building restriction forbidding more than one building to be erected on one lot for dwelling-house purposes.

8. Where deeds to a city addition were made containing a building restriction that no more than one building should be erected on each lot for dwelling-house purposes for the benefit of each lot, the fact that ten such buildings had been erected on the tract, only two of which were within two blocks of plaintiff's property, did not show complainant's abandonment of the right to enforce such restriction.

On bill for injunction.

*Messrs. Thompson & Cole,* for the complainant.

*Messrs. Bourgeois & Sooy,* for the defendant.

LEAMING, V. C.

The bill does not disclose whether the deeds of complainant and defendant, and the several deeds in their respective chains of title, contain the restrictive covenants sought to be enforced, or the extent to which defendant may be charged with notice of these covenants, but as the right of complainant to enforce against defendant the observance of the restrictive covenants in question was conceded by defendant's counsel at the hearing, provided complainant had not lost the right by reason of his own violation of the covenants or by reason of acquiescence in the violation of the covenants amounting in effect to their abandonment, the question of the bar to complainant's rights, as urged by defendant, will alone be considered.

The case of *Collins* v. *Waters* (not reported), determines that the twenty feet building line covenant here in question applies to both the front and side street lines of corner lots.

The case of *Chelsea Land Co.* v. *Adams, 71 N. J. Eq. (1 Buch.) 771* (another suit touching the covenant now in question), must be regarded as conclusive as to the right of that company to enforce in this court the covenant against the erection of a building nearer than twenty feet from the street line. That was a case in which the town site proprietor, owning property in all parts of the tract, had stood by and permitted violations of the covenant without complaint. While that was held to operate as a bar to the right of that company to prevent further violations of the same covenant, the adjudication clearly has no application to the rights of the owner of a single lot who may not have so acquiesced. It would scarcely be possible for any single violation of the covenants to occur without the interests of the original land company being directly affected; but the owner of a single lot may have no concern whatever in a violation of the covenants on a part of the tract distant from his lot. I am

convinced that any claim of bar asserted against the rights of an owner of a single lot by reason of acquiescence in the violation of restrictive covenants of this nature must be measured by the relation of the asserted violation to the individual lot. This view was taken by me in *Barton* v. *Slifer, 72 N. J. Eq. (2 Buch.) 312,* in harmony with the views expressed by Vice-Chancellor Emery in *Morrow* v. *Hasselman, 69 N. J. Eq. (3 Robb.) 612.* The title to the lot now owned by complainant passed from the Chelsea Beach Company in the year 1889. Clearly no subsequent failure upon the part of that company to enforce similar covenants in behalf of its remaining unsold lots should operate to destroy the right of the owner of that lot to enforce in behalf of that lot the covenants which defendant now concedes to have been made for the benefit of that lot pursuant to a general building plan.

The covenants in question provided that no building shall be erected within twenty feet of the front property line of any street, except on Atlantic avenue, or within five feet of the side line of any lot, and also that "not more than one building be built or erected upon each lot for dwelling-house purposes." The bill asserts that a building is about to be erected by defendant at the northwest corner of Arctic and Chelsea avenues—across the street from complainant's property—and is to be erected with the main body of the building within ten feet of Arctic avenue, and the porch within ten feet of Chelsea avenue, and that the first story of the main body of the building will project over the porch and be less than twenty feet from Chelsea avenue; and also that while the building will be under one roof, it is intended for and is to be used as a double dwelling-house. This is not denied by defendant. The affidavits filed by defendant describe one hundred and sixteen buildings, erected at various parts of the tract, which are claimed by defendant to be erected in violation of the terms of some of the covenants above referred to. I have had great difficulty in locating these buildings. They are described with reference to street numbers and cannot be located by the record as filed. At the hearing a map of Chelsea was handed to me and the system of numbering explained; with its aid I have endeavored to comprehend the affidavits filed

19

by the defence. These affidavits disclose that a great number of buildings have been erected nearer than five feet to the side line of lots—the encroachment over the five feet restriction varying from a few inches to three feet. While this part of the covenant is not in question in this case, its violation may have been set forth under a claim that it tends to show a general abandonment of the original plan. I do not think it can be given that effect as against complainant. Whether a building is three or five feet from the said line of a lot is a matter of little concern to anyone except the owner of the adjacent lot or lots in the immediate vicinity, and I cannot think it strange that this part of the covenant has not been strictly observed. But whatever effect these violations of this part of the covenant may have against parties seeking its enforcement, I am unable to conclude that it should operate as a bar to the enforcement by complainant of those parts of the covenants which he now seeks to enforce.

The affidavits also disclose that a large number of buildings have been erected with open porches, and some with bay windows, extending over the twenty feet restriction line. The building which defendant is about to erect is of that nature. I entertain grave doubts whether the covenants in question were intended to apply to open porches and bay windows not extending to the ground. The fact that so many buildings have been erected with the main body of the building located with reference to the building line and with open porches and bay windows extending over the line measurably indicates a popular interpretation of the restriction to that effect. As is said in *Morrow* v. *Hasselman,* *69 N. J. Eq. (3 Robb.) 612, 617,* if these porches have been erected under an erroneous construction of the covenant, that fact is no evidence of an abandonment of the general scheme.

Defendant's affidavits also disclose that six buildings have been erected on the tract with the main body of the buildings less than twenty feet from the street line. I cannot be entirely certain that I have accurately located these buildings. The one nearest to complainant's property I take to be that referred to in the one hundred and fifth subdivision of the affidavit of Mr. Ashmead. That building is on Arctic avenue and one block from complainant's property. Another is on Chelsea avenue at the

corner of Atlantic, also a block away from complainant's property. Another is on Chelsea avenue south of Pacific, two blocks away. Another on Montpelier avenue with the location not given. The others are too far away to be of possible concern to complainant. It may be that the two buildings referred to as a block from complainant's property are sufficiently near to have imposed upon complainant, or upon such person as may have been the owner of complainant's lot when these buildings were erected, the duty of appeal to this court for protection, but I think not. Their erection contrary to the terms of the covenants could have affected complainant's property but slightly, if at all. I cannot believe that to escape the burden of the charge of abandonment of a restrictive covenant of this nature it becomes the duty of a party who is entitled to enforce the covenant to interfere in any case where he has not at least a substantial interest to protect for himself.

The covenant forbidding more than one building to be erected upon each lot for dwelling-house purposes, is, in my judgment, broken by the erection of what is commonly known as a double house—that is, two houses under one roof. Such a structure is as much two buildings for dwelling-house purposes as though separate roofs existed. The two dwellings may pass to separate owners and the dividing wall become a party wall. Defendant's affidavits disclose ten such buildings on the tract. Most of these are on Atlantic avenue. One is on Chelsea avenue, not quite a block from complainant's property, and another on Arctic avenue, nearly two blocks away. These, in my judgment, afford no evidence of complainant's abandonment of the covenants.

The claim that complainant has violated the covenants now sought to be enforced is based upon the fact that his porch extends beyond the twenty feet restriction line. As already stated, I do not deem that a violation of the covenants in view of the fact that the covenants do not appear to have been regarded as applying to open porches.

I will advise a decree enjoining defendant from building the main body of his house nearer to either Arctic or Chelsea avenues than twenty feet, and from erecting what has been referred to as a double dwelling-house.