## MISCH *v.* LEHMAN.

1. COVENANTS—BUILDING RESTRICTIONS—ESTOPPEL.

    Where, in violation of a building restriction against erecting any store, factory, or building other than a dwelling house with usual appurtenances, defendants planned to construct a four-family flat on a lot included within the restricted district, and it appeared that the complainants had raised no objection to another violation of the covenants on a neighboring lot, but the structure was not so clearly a breach of the restriction as to be unquestionable, nor had the point been adjudicated, and the character of the district or adjacent property had not changed or been seriously affected by the alleged violation, the court properly enjoined defendants from proceeding with the erection of the flat, overruling the contention that complainants were estopped to ask for the injunction.[1]

2. SAME — CONTRACTS — EQUITY — INJUNCTION — WAIVER OR ACQUIESCENCE IN BREACH OF RESTRICTIONS.

    Even after one or more breaches, equity will not refuse relief if the restrictive covenants can be shown to be valuable to complainant and successive violations do not appear to have resulted in a subversion of the original scheme of development, so as to alter substantially the character of the neighborhood.

3. SAME—EVIDENCE.

    *Held*, also, that the character of the residential district had not so changed as to make it inequitable to enforce the restriction.

4. SAME—INJUNCTION—ACTS RESTRAINED.

    While the final injunction of the circuit court prohibiting the defendants from erecting any flat, double house, apartment, or any structure but a single dwelling, was not too broad; it is modified so as to authorize defendants to move for dissolution or modification thereof in case the character of the district should materially change in the future.

---

[1] As to the right to the enforcement of a restrictive covenant as affected by change in neighborhood, see note in 28 L. R. A. (N. S.) 706.

Appeal from Wayne; Mandell, J. Submitted November 25, 1913. (Docket No. 125.) Decided December 20, 1913.

Bill by Otto Misch and others against Fred A. Lehman and others for an injunction to enforce a restrictive covenant in certain conveyances. From a decree for complainants, defendants appeal. Modified and affirmed.

*Louis C. Wurzer,* for complainants.

*Henry B. Graves,* for defendants.

BROOKE, J. The bill of complaint in this cause is filed for the purpose of permanently enjoining defendants from violating a building restriction contained in the conveyance under which they hold title. From a decree in favor of complainants, defendants appeal.

The restriction involved is the same as that considered in the case of *Schadt* v. *Brill,* 173 Mich. 647 (139 N. W. 878) ; defendants' lot being one of the 77 lots contained in the Whitney subdivision. Of these 77 lots, 21 face the East Grand boulevard, lying upon the west side thereof, commencing at Mack avenue and running south. Defendants' property consists of lot 32 and the northerly 10 feet of lot 31, and lies upon the southwest corner of Mack avenue and the East Grand boulevard. It was the expressed intention of defendants to erect a four-family flat thereon, the carrying out of which the decree of the court below perpetually enjoined. The first building south of defendants' lot, and about 100 feet distant, is the two-family or duplex house, the existence of which was urged by defendant in *Schadt* v. *Brill, supra,* as a reason why he should not be enjoined from consummating a like breach of the restrictive clause. This claim was considered, and dismissed as untenable

under the facts in that case. The restrictive clause was likewise construed, and it was held that no structure other than a single residence for one family could be erected thereunder. It is the contention of the defendants that the reasoning of that opinion should not be applied to the facts in this case. It is urged that these complainants, having stood by and permitted one breach of the restriction (that on lot 29 adverted to), are now estopped from insisting that defendants be enjoined from a like breach. It is pointed out that the property of these complainants lies much closer to lot 29 than does that of the complainant in *Schadt* v. *Brill*, and therefore that it was immediately affected by the breach, thus imposing upon complainants the duty to seek injunctive relief against the owner of said lot 29. Having failed in this duty, defendants contend that it is now too late for them to act.

Several answers to this claim are suggested. In the first place defendants owned their lot at the time the structure was erected upon lot 29. If any legal duty to act was imposed upon the owners of other lots in the same subdivision, it rested upon defendants, as well as upon complainants.

Again, it must be borne in mind that the exact meaning of the restriction itself was not free from doubt. It was not entirely clear that a dwelling house like that located upon lot 29 could not be legally erected under the restriction until the determination of the case of *Schadt* v. *Brill, supra*. It is doubtless true that a continued acquiescence in successive breaches of the restriction would afford ground for the claim of estoppel because of the fact that the contemplated character of the property would thus be destroyed, and, that stage having been reached, it would be inequitable to grant relief. But we are of opinion that acquiescence in a single breach of the character of that upon lot 29, under the circum-

stances disclosed by this case, is not such an act or failure to act as should be held to deprive these complainants of equitable relief. The true rule seems to be that, even after one or more breaches, equity will grant relief if the restriction can be shown to be of value to complainant, and such breaches have not resulted in a subversion of the original scheme of development resulting in a substantial, if not entire, change in the neighborhood. *Righter* v. *Winters*, 68 N. J. Eq. 252 (59 Atl. 770) ; *Brown* v. *Huber*, 80 Ohio St. 183; *Sayles* v. *Hall*, 210 Mass. 281; *Brigham* v. *H. G. Mulock Co.*, 74 N. J. Eq. 287 (70 Atl. 185) ; *Landell* v. *Hamilton*, 175 Pa. 327 (34 Atl. 663, 34 L. R. A. 227).

The decisions in *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311 (41 Am. Rep. 365) ; *Jackson* v. *Stevenson*, 156 Mass. 496 (31 N. E. 691, 32 Am. St. Rep. 476), and *Schefer* v. *Ball*, 104 N. Y. Supp. 1028, 53 Misc. Rep. 448, cited by defendants, are not in conflict with this principle.

Defendants urge that there is such a change in the character of the neighborhood as to make it inequitable to enforce the restriction. We are of opinion that the case upon this point is ruled by the late case of *Moore* v. *Curry*, 176 Mich. 456 (142 N. W. 839). Here is a large subdivision upon which there have been erected many beautiful homes, costing up to $20,000 each. The development of that part of the plat fronting upon the boulevard is shown by the record to have been of a particularly high class, with the single exception of the house upon lot 29. There can be no doubt that the erection of the contemplated structure upon the corner of Mack avenue and the boulevard would very seriously affect the values of the complainants' property, and would thus destroy that negative easement *(Allen* v. *City of Detroit*, 167 Mich. 464 [133 N. W. 317, 36 L. R. A. (N. S.) 890]),

which complainants, by virtue of the restrictive clause, have acquired in defendants' lot.

The decree of the lower court perpetually enjoins defendants from proceeding with the construction, erection, or maintenance, or causing to be constructed, erected, or maintained, any flat, double house, apartment, or any other building except a single dwelling house, intended or suitable for the separate occupancy for one family. It further perpetually restrains defendants from doing any act which will in any wise be a violation of the building restrictions on the lot in question.

Defendants claim that this decree is too broad and far-reaching in its terms (citing *Frink* v. *Hughes*, 133 Mich. 63 [94 N. W. 601], and *Moore* v. *Curry*, *supra*). They contend that the only question litigated in the present proceeding is the right of defendants to erect a four-family flat at this time; other features of the restriction and the possible development in the future as they might bear upon the restriction were, it is said, not in issue. While it seems doubtful that any future development will so change the situation as to make the enforcement of the restriction inequitable, it is not unreasonable that the decree should be so modified as to protect the defendants in case such a radical change should occur in the future.

The decree will stand affirmed, except that it shall be without prejudice to the right of the defendants to move hereafter for a modification or dissolution of the injunction.

STEERE, C. J., and MOORE, MCALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred. KUHN, J., did not sit.