BURDEN and another, Appellants, vs. DOUCETTE and wife, Respondents.

*January 13—April 7, 1942.*

232

For the appellants there were briefs by *Irving W. Smith* of Niagara, attorney, and *Lehner & Lehner* and *Adolph P. Lehner* of Oconto Falls of counsel, and oral argument by *Mr. Adolph Lehner* and *Mr. Smith*.

*Emmet McCarthy* of Marinette, for the respondents.

The following opinion was filed February 10, 1942:

MARTIN, J. In September, 1919, plaintiffs were the owners of the northeast quarter of the northwest quarter (NE¼ of NW¼) of section fifteen (15), township thirty-eight (38) north, range twenty (20) east, in Marinette county. They prepared a plat of a part of said real estate along both sides of River street, in the village of Niagara. This plat was never recorded but is known as the Burden and McAllister addition (unrecorded) to the village of Niagara. That part of the property platted lying north of River street is designated "Block one," and is subdivided into seventeen lots. The part lying south of River street is designated "Block two," and is subdivided into sixteen lots.

It is alleged that the purpose and intention of the plaintiffs in including the restrictive covenant above quoted was to create a residential district within the platted area. The real-estate descriptions in the various deeds of conveyance were by metes and bounds. On February 21, 1920, the plaintiffs, then copartners under the trade name of Burden and

McAllister & Company, conveyed by deed to Walter Sadowicz lot 9, block 2, this description being by metes and bounds. This deed contained the restrictive covenant hereinbefore mentioned, and the deed was duly recorded. On March 29, 1920, Walter Sadowicz and wife conveyed said lot to one James Webster. This deed contained the following provision:

"Subject to the reservations, exceptions and conditions contained in all deeds of record through which said grantors, or either of them derive title to said premises, or any part thereof."

This deed was duly recorded. On June 29, 1936, Webster and wife by land contract agreed to convey said lot to the defendants, Alfred Doucette and Sylvia Doucette, his wife. The land contract contains the recital:

"Subject to all reservations and conditions contained in former deeds of record."

It is alleged that defendants have violated the restrictive covenant in that they have covered the surface of the northern portion of lot 9, block 2, with concrete and erected thereon two gasoline pumps. The prayer of the complaint is that defendants be ordered to remove said gasoline pumps; and that defendants, their agents, servants, employees, and assigns be perpetually restrained and enjoined from erecting or maintaining gasoline pumps on the land designated as lot 9, block 2, of the Burden and McAllister addition (unrecorded) to the village of Niagara; and such other and further relief as may be just and equitable.

The trial court found that the evidence discloses no consistent policy of establishing a residential district designed for the beneficial interests of subsequent vendees of lots in the subdivision; that some of the lots in block 2 are restricted against the erection of any building except a private dwelling house; that several of the lots in said block were conveyed by

deeds containing no restriction. The appellants state the issues on this appeal as follows:

"(1) Are the defendants bound by the restrictive covenant in the deed from plaintiffs to their predecessor in title?

"(2) Does the erection of two gasoline pumps upon a concrete platform with a surrounding concrete driveway and underground gasoline tanks from which the public is served, constitute a violation of the covenant?"

In *Ward v. Prospect Manor Corp.* 188 Wis. 534, 538, 206 N. W. 856, the court quotes the English rule as found in *Peek v. Matthews,* L. R. 3 Eq. 515, 517, as follows:

"If there is a general scheme for the benefit of a great number of persons, and then, either by permission or acquiescence, or by a long chain of things, the property has been either entirely or so substantially changed as that the whole character of the place or neighborhood has been altered so that the whole object for which the covenant was originally entered into must be considered to be at an end, *then the covenantee is not allowed to come into court for the purpose merely of harassing and annoying some particular man where the court could see he was not doing it bona fide for the purpose of effecting the object for which the covenant was originally entered into."*

Following this statement of the English rule, this court said, p. 539:

"Modern authority has made a distinction between the rights of a proprietor in such respect and the rights of an individual lot owner, such distinction arising from the fact that the proprietor is or may be directly interested in violations of such covenants upon any part of the entire tract, *and acquiescence on his part may appropriately deny to him the equitable right to enforce the covenants;* but a violation of a restrictive covenant at a point on a tract distant from the lot of an individual lot owner may be of no interest whatever to such an owner and cannot appropriately call for affirmative action

on his part." Citing *Bowen v. Smith,* 76 N. J. Eq. 456, 74 Atl. 675; *Brigham v. H. G. Mulock Co.* 74 N. J. Eq. 287, 70 Atl. 185.

It will be observed in the instant case that plaintiffs are the original owners of the platted property. If they or either of them, as found by the trial court, conveyed several of the lots in block 2 without including the restrictive covenant, and acquiesced in the violation of the restrictive covenants by numerous other purchasers of lots in said subdivision, and further reserved for themselves individually title to other lots in the subdivision which contained no restrictive covenant, the trial court might very properly, in the exercise of its equity jurisdiction, in its discretion deny plaintiffs the equitable relief prayed for in this case. As conclusions of law the trial court found that the complaints of the plaintiffs are too inconsequential and trivial to warrant injunctional orders; that plaintiffs sustained no damage by any acts of the defendants; and that plaintiffs acquiesced in violation of the restrictive covenants by others than the defendants.

"It is well settled that when restrictive covenants are entered into *with the design of carrying out a general scheme for the improvement and development of property* they are enforceable by any grantee against any other grantee having notice. In such a case there is a consideration and mutuality of covenant binding upon each." *Stein v. Endres Home Builders, Inc.,* 228 Wis. 620, 626, 280 N. W. 316, and cases cited.

In *Schneider v. Eckhoff,* 188 Wis. 550, 556, 206 N. W. 838, with reference to the restrictions there under consideration, the court said:

"The serious question involved on this branch of the case consists of whether or not the evidence warrants the conclusion that the original grantors adopted a general plan or scheme which was designed not only for the benefit of the

grantor's remaining property but also for the benefit of the various grantees of the lots or parcels sold and their successors or assigns."

So in the instant case does the evidence establish that the plaintiffs as original grantors did adopt a general plan or scheme designed not only for the benefit of the grantor's remaining property but also for the benefit of the various grantees of the lots or parcels sold and their successors or assigns? This question is one of intent. The intent cannot be determined solely by the fact that they included the restrictive covenant in some of the deeds of conveyance. It appears that only five of the sixteen lots in block 2 are occupied by dwelling houses. There are no restrictions of any kind indicated on the plat other than lot numbers and dimensions. Some deeds contained restrictions, others contained none. It cannot be said that the evidence warrants the conclusion that plaintiffs, the original grantors, adopted a general plan or scheme to create a residential district for the benefit of the various grantees of the lots in the platted area. No such plan or scheme has been carried out. It is considered that the facts as found by the trial court bring the case well within the rule as quoted above from *Ward v. Prospect Manor Corp., supra.* Other questions are discussed in the briefs of counsel but in view of the conclusion reached there is no occasion for further discussion.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 7, 1942.