BURNS *v.* TERZIAN.

1. COVENANTS—VIOLATION OF BUILDING RESTRICTIONS—INJUNCTION
—DELAY—LACHES.

Where, in a suit by lot owners to enjoin the violation of
building restrictions, the evidence shows that when plain-
tiffs learned, the nature of the building defendants in-
tended to construct, they took immediate action to restrain
said violation, it cannot be said that they were guilty of
laches.[1]

2. SAME—EQUITABLE ESTOPPEL.

Where defendants knowingly violated building restric-
tions without any reason to suppose that adjoining lot
owners were consenting thereto, they may not equitably
complain that they were allowed to progress so far with
the construction until plaintiffs discovered their purpose
before being enjoined.[2]

3. SAME—WAIVER—FAILURE TO ENJOIN VIOLATIONS.

That property owners failed to enjoin the violation of
building restrictions in a residential district in a certain
instance, would not bar their right to enjoin further
violations, where there is no substantial change in the
residential character of the neighborhood, and the restric-
tions are still of value to them.[3]

4. SAME—WAIVER—OPEN PORCHES ON RESTRICTED SPACE.

That plaintiffs and others had built open porches extend-
ing into the restricted space in the front of their lots,
*held*, not to amount to a waiver of their right to enjoin
defendants from building inclosed porches in such space.[4]

5. SAME—VIOLATIONS PROPERLY ENJOINED.

A decree in said suit enjoining defendants from using any
part of their apartment building for business purposes
and requiring them to alter inclosed porches so as to
make them open porches in conformity with those on
adjoining properties, *held*, justified by the record.[5]

---

[1]Deeds, 18 C. J. § 466; [2]Estoppel, 21 C. J. § 222; [3]Deeds, 18 C.
J. § 466; [4]Id., 18 C. J. § 468; [5]Id., 18 C. J. § 463.

Multiple residence structure as violation of restrictive cove-
nants, see note in 41 L. R. A. (N. S.) 726.

Appeal from Wayne; Collins (Joseph H.), J., presiding.    Submitted January 20, 1926.    (Docket No. 167.)    Decided March 20, 1926.

Bill by William A. Burns and another against Karl Terzian and another to enjoin the violation of building restrictions.    From a decree for plaintiffs, defendants appeal.    Affirmed.

*Monaghan, Crowley, Reilley & Kellogg*, for plaintiffs.

*J. H. M. Alexander*, for defendants.

McDONALD, J.    This bill was filed to enjoin the construction of a building in violation of certain restrictions.    The plaintiffs are the owners of lot 239 in the Security Land Company subdivision, situated on the north side of Maplewood avenue in the city of Detroit.    The defendants own lot 240, a corner lot adjoining that of the plaintiffs on the west.    The subdivision is subject to building restrictions which limit the use of the lots to residence purposes and requires that all residences shall stand back 30 feet from the front lot line.    The defendants' deed contains such a restriction.    When this suit was started the defendants had partially erected a 19-apartment house on their lot which violated the building restriction in that the porches thereof, which were inclosed and were solid brick, extended into the restricted 30-foot space to within 20 feet of the front line of the lot and the basement of the main building was being constructed for business purposes.    The defendants filed an answer and cross-bill in which it was alleged that the plaintiffs were not acting in good faith in instituting the proceedings after so great a portion of the building had been erected; that their only purpose was to injure and harass the defendants.    As affirmative relief they asked that they be awarded damages in the sum of

$300 per day during the time that they were wrong-fully enjoined from proceeding with the completion of the building.    After hearing the testimony the court entered a decree permanently enjoining the defend-ants from using the basement of the building for busi-ness purposes, and requiring them to change the in-closed sun porches into open porches to correspond with the open porches of the plaintiffs and others on the same side of the street.    From this decree the defend-ants have appealed.

The appeal presents the following questions:

1. Are the plaintiffs to be denied relief because of laches on their part in permitting the building to be so far completed before beginning suit?

The' excavation work was begun by the defendants in March or April, 1924.    The bill was filed by the plaintiffs on the 6th of June, 1924.    The plaintiff testified that when defendants began to excavate, he went to the department of buildings and safety en-gineering for the city of Detroit to learn what kind of building the defendants were going to construct; that he found no record in that office of the proposed building; that he kept calling on the department with-out getting the desired information until May 20, 1924, at which time the defendants had submitted their plans and specifications and taken out a building permit; and that he then placed the matter in the hands of his attorneys.    He also testified that he made unsuccessful attempts to locate the owners that he might protest to them; that he then talked to the contractor in charge of the work and told him that he was going to object to further construction.    In-asmuch as the court has determined that the only valid objection to the building is the fact of the in-closed porches extending a substantial distance into the restricted space, the defendants were not injured by any delay in bringing this action until the plain-

tiffs had knowledge that their rights were being invaded by the construction of the porches. The evidence is that when plaintiffs learned that fact they took immediate action. There is nothing in the record tending to show that the defendants began the building or continued its construction in violation of the restrictions relying on any implied consent or acquiescence of the plaintiffs. Having knowingly violated the restrictions without any reason to suppose that the plaintiffs were consenting thereto, they cannot now equitably complain that they were allowed to progress so far with the construction before being enjoined. *McNair* v. *Raymond*, 215 Mich. 632. But, aside from this, we find no evidence of unreasonable delay after the plaintiffs had learned that inclosed porches were being erected within 20 feet of the front lot line. In view of these facts, we cannot here apply the doctrine of laches and equitable estoppel.

2. The second question presented by the appeal is stated by defendants in their brief, as follows:

"Plaintiffs waived restrictions by not protesting two years ago when Maplewood, 3-story, 15-apartment building, with inclosed sun porches encroaching 11 feet into the restricted area and two stores in the basement, was built opposite their home and continuous operation of said stores ever since."

The Maplewood apartment building is on the opposite side of the street from plaintiffs' dwelling. It faces on Northfield avenue and has two stores in the basement. It is constructed with inclosed sun porches in front similar to those which the defendants are erecting. It seems to have been built without protest or complaint from the plaintiffs or other property owners in the neighborhood. It does not appreciably affect the use or value of the plaintiffs' premises. The defendants' building does both. It entirely obstructs their view to the west and shuts out the light

and air. Notwithstanding the Maplewood apartments with their basement stores, the street is still a residential street and the restrictions are of value to the plaintiffs.

"We find the law well settled to the effect that a person owning property in restricted territory does not waive or lose his right to enforce the restrictions where their violation becomes especially and personally offensive and injurious to him and his property, by reason of his previous omission to take notice of violations, and insist on observance of the covenants, in cases not affecting him or his interests, or the locality in which his property is situated." *Schadt* v. *Brill,* 173 Mich. 652 (45 L. R. A. [N. S.] 726).

"The true rule seems to be that, even after one or more breaches, equity will grant relief if the restriction can be shown to be of value to complainant, and such breaches have not resulted in a subversion of the original scheme of development resulting in a substantial, if not entire, change in the neighborhood." *Misch* v. *Lehman,* 178 Mich. 228.

The building of the Maplewood apartments has made no substantial change in the residential character of the neighborhood. It has not abrogated the restrictions. They are still of value to the plaintiffs. They have a right to insist on their observance.

3. It is further claimed that there has been a waiver and an abandonment of the restrictions because plaintiffs and other persons owning homes upon the north side of Maplewood avenue, in constructing their buildings, have extended their porches into the restricted area. The evidence shows that the various owners of lots on the east of plaintiffs' dwelling have extended their porches into the restricted 30-foot area. The plaintiffs' porch is a few inches over the line. None of the porches extend into the restricted area more than 27 inches. They are all open porches. The circuit judge recognized a corresponding right in the defendants, but denied them the right to build inclosed

porches that would shut out light and air from their neighbors and obstruct their view. After hearing the testimony and viewing the premises, the trial judge expressed the following opinion, which we approve:

"It is true that the main part of the building of defendants, with reference to the front line intersection, is in accordance with the general uniform plan of all the buildings erected on the same side of Maplewood avenue in this block. It is also true that on the residences to the east of plaintiffs' building are open porches that extend into the 30-foot from the front line of their lot, but the defendants have built into this restricted 30 feet a solid brick inclosed porch or sun parlor extending out 10 feet from the main building and rising to the height of said building, totally obstructing the view of plaintiffs from their porch, to the west. It has the same effect as shown by the evidence and the view that the court took of the premises, as though the main building itself has been built within 20 feet from the front line.

"This projection so built is not in any way in accord with the open porches on the dwellings to the east thereof. It not only violates the restriction in the deed, but it also violates the uniform observance of a general plan in the building of all the buildings and porches located east of defendants' building in this block.

"The manner in which this projection is now built interferes with the enjoyment by plaintiffs of their property and also lessens its value."

Based on this finding of the facts, the court entered a decree enjoining the defendants from using any part of the building for business purposes and required them to alter the inclosed porches so as to make them open porches in conformity with other porches on adjoining properties. This decree was more favorable to the defendants than they had any right to expect.

It is affirmed, with costs to the plaintiffs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred. SNOW, J., did not sit.