## BISCHOFF *v.* MORGAN.

1. JUDGMENT — COVENANTS — DECREE RESTRAINING VIOLATION OF BUILDING RESTRICTION BINDING ON PARTIES AND THEIR SUCCESSORS — CHANGED CONDITIONS — EQUITY.

A decree restraining the erection of a closed porch in violation of building restrictions contained in the deed binds the parties thereto and their successors in title, and must remain in force unless there has been such a change in the conditions as to make it inequitable to further require obedience to the restraint.[1]

[1]Injunctions, 32 C. J. § 657.

2. COVENANTS—BUILDING RESTRICTIONS—CHANGED CONDITIONS.
  The erection of three dwellings with closed porches in violation of building restrictions, which are from 300 to 700 feet distant from defendants' home, and which do not interfere with the enjoyment of their premises, do not constitute such a change in conditions as to render inequitable the further enforcement of a decree restraining a violation of said restriction next door to defendants' home.[2]

3. SAME — ESTOPPEL — RIGHT TO ENFORCE BUILDING RESTRICTION DETRIMENTAL NOT BARRED BY FAILURE TO ENFORCE ONE NOT DETRIMENTAL—WAIVER.
  Failure of property owners to prevent a violation of building restrictions not immediately detrimental to their enjoyment does not bar their right to have the restriction observed in a building next door to their home.[3]

Appeal from Wayne; Gilbert (Parm C.), J., presiding.    Submitted June 22, 1926.    (Docket No. 32.) Decided October 4, 1926.

Bill by William C. Bischoff and others against Sherman H. Morgan and another to vacate certain building restrictions on the ground of changed conditions.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*Howard H. Campbell,* for plaintiffs.

*S. Homer Ferguson,* for defendants.

WIEST, J.    December 15, 1916, it was decreed in the circuit court for the county of Wayne, in chancery, that Emma Stief, then owner of lot No. 209, Marshland Boulevard subdivision, of private claim 321, city of Detroit, and her assigns, be restrained for a period of 25 years from April 19, 1910:

"From maintaining the porch and the so-called porch being constructed within said thirty (30) feet, or any part or parts thereof, as a living room or part of a

---

[2]Deeds, 18 C. J. § 467 (Anno); [3]Id., 18 C. J. § 468.

living room, and from dressing the same with blinds or shades in such manner as to permanently obstruct the view of plaintiffs."

The plaintiffs in that suit are defendants in this suit, and were then and are now owners of lot 210, the next lot to 209. Plaintiffs in the suit at bar are subsequent purchasers of lot 209, and filed the bill herein to vacate the former decree on the grounds that conditions have changed, defendants have acquiesced in violations of building restrictions by others, and there is no equity in continuing the restraint. In the circuit the bill was dismissed and the issue is here by plaintiffs' appeal.

The restriction, even broader than administered by the court in the former decree, runs with plaintiffs' title, was of record, and plaintiffs had notice thereof. In the former decree the court pared the restriction to fit practical construction by builders up to that date, but restrained further encroachments. If the porch is made into a living room, with curtains and shades at the windows, it will wall off defendants' view in that direction and to some extent destroy the light.

The former decree binds the parties thereto and their successors in title and must remain in force unless there has been such a change in conditions as to make it inequitable to further require obedience to the restraint. Since that decree other dwellings have been erected within the restricted territory with closed porches equipped and used as living rooms, but all are beyond a point interfering with defendants' enjoyment of their premises. Since the former decree the testimony shows that three residences with inclosed porches, suitable for living rooms, have been constructed; one 300 feet from defendants' property, another 350 feet away, and another 700 feet removed. While defendants might have been litigious enough to have compelled observance by all builders within the

scope of the restriction, yet their failure to prevent a violation not immediately detrimental to their enjoyment does not take away from them the right to have the restriction observed by plaintiffs next door to their home.

We have repeatedly held that violations of building restrictions some distance away do not operate to destroy rights not seriously affected thereby.   See *Rosenzweig* v. *Rose,* 201 Mich. 681; *DeGalan* v. *Barak,* 223 Mich. 378; *Farley* v. *Finn,* 226 Mich. 205; *Burns* v. *Terzian,* 233 Mich. 627.   By taking no action to prevent such violations, some distance away, defendants have not incurred the loss of the beneficial restriction.   We find no waiver.   A consideration of the evidence brings us in accord with the decree entered.

The decree in the circuit is affirmed, with costs to defendants.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.   SNOW, J., did not sit.