BIGHAM *v.* LOCKLIN.

MacMICHAEL *v.* SAME.

1. MUNICIPAL CORPORATIONS—BUILDING RESTRICTIONS.
   Widening of street by city and establishment of street car tracks therein will not destroy building restrictions.

2. COVENANTS—BUILDING RESTRICTIONS—PLATS.
   Building restrictions applicable to a particular plat cannot extend beyond such plat or affect restrictions not within it.

3. SAME—PROPERTY.
   Building restrictions constitute property.

4. SAME — BUILDING RESTRICTIONS — GASOLINE STATION — STREET WIDENING—COMMERCIAL CHARACTER OF STREET.
   Plaintiffs, owners and contract purchasers of lots in subdivision in which residential building restrictions had not been violated,

*held,* entitled to injunction restraining defendants from erecting oil and gasoline station on lots in corner of subdivision notwithstanding street in front thereof had been widened and street car tracks established therein, and on opposite side from subdivision and adjacent thereto had assumed a commercial character.

Appeals from Wayne; Taylor (Mark B.), J., presiding. Submitted April 10, 1936. (Docket Nos. 78, 79, Calendar Nos. 38,897, 38,898.) Decided June 4, 1936.

Separate bills by Ray C. Bigham and wife and Mary MacMichael and others against Charles R. Locklin and others to restrain the erection of a gasoline station and enforce building restrictions and for other relief. Elliott A. Locklin joined as party defendant. Cases consolidated for trial and appeal. Decrees for plaintiffs. Defendants appeal. Affirmed.

*Colin J. McRae* and *Race, Haass & Allen* (*Evariste R. Kampa* and *C. Redman Moon,* of counsel), for plaintiffs.

*James Gibbons,* for defendants.

POTTER, J. Plaintiffs Mary MacMichael and others, owners of lots and homes in Russell Woods subdivision of part of quarter-sections 11 and 12, of the 10,000-acre tract, in the city of Detroit, who purchased subject to the building restrictions hereinafter mentioned, July 3, 1935, filed a bill of complaint against defendants Charles R. Locklin and others to restrain the erection, on lots 1 and 2 of that subdivision, of an oil and gasoline station which plaintiffs claimed defendants were about to erect in violation of the restrictions, to their damage and injury. A temporary injunction was issued restrain-

ing defendants from using their premises for other than residential purposes and particularly from erecting and maintaining an oil and gasoline station thereon, and from violating the building restrictions on lots 1 and 2 of the Russell Woods subdivision.

On the same day, plaintiffs Ray C. Bigham and wife, contract purchasers of lot 36, of Russell Woods subdivision of parts of sections 11 and 12, of the 10,000-acre tract, in the city of Detroit, filed a bill against defendants Charles R. Locklin and others, Locklin being the owner of lot 1, of Russell Woods subdivision of parts of sections 11 and 12, of the 10,000-acre tract, in the city of Detroit, to restrain defendants from erecting a gasoline service station on the premises belonging to defendants in such subdivision in violation of the restrictions claimed to be in force in relation to the plat. Subsequently Elliott A. Locklin was joined as a party defendant. A temporary injunction was issued against defendants in this suit substantially in accordance with the one in the suit before mentioned.

Both causes were placed at issue and, upon the order of the court, consolidated and heard together.

The restrictions applicable to the premises are as follows:

"It is mutually understood and agreed between the parties hereto, that following restrictions so far as applicable to the premises above described, shall be deemed a condition hereof to which said parties of second part shall conform, to-wit:

"(a) No buildings or structure shall be erected or maintained on any of lots fronting on Broadstreet and Old Mill Place, except one full two-story (at least 18 feet studding) private residence for use of one family only, the first story of which shall be constructed of brick, stone, stucco or brick veneer, and the usual garage or out-buildings appurtenant

thereto; nor shall any such building or structure or any porch, veranda, or other projection thereof, be located on lots 414, 419 and 463 nearer than 15 feet to south line thereof, nor on all other lots fronting on said Broadstreet boulevard or Old Mill Place nearer than 10 feet to south line thereof; said private residence on all lots fronting on Old Mill Place and Broadstreet boulevard south of Buena Vista avenue to cost not less than $5,000, and on all lots fronting on Broadstreet boulevard north of Buena Vista avenue except lot 444 to cost not less than $4,000.

"(b) No building or structure shall be erected or maintained on any of lots (except 376 and 377) fronting on Cortland avenue, except one full two-story private residence, costing not less than $3,000; or one two-family flat or double house for two families only costing not less than $4,500, and usual garage or out-buildings appurtenant thereto; the first story of said two-story residence, two-family flat or double house, shall be constructed of brick, stone, stucco or brick veneer, and located not nearer than five feet to east line of said lots and on said lots 376 and 377; except two-story structures costing not less than $5,000; the first story of which shall be constructed of brick, stone, stucco or brick veneer.

"(c) No building or structure shall be erected or maintained on any of lots fronting on Highland avenue, except one full two-story private residence, for use of one family only, costing not less than $3,000; or one private bungalow residence, for use of one family only costing not less than $3,500, and usual garage and out-buildings appurtenant thereto; the first story of said two-story private residence or private bungalow residence shall be constructed of brick, stone, stucco, brick veneer, and located not nearer than 8 feet to east line of said lots.

"(d) No building or structure shall be erected or maintained on any of lots fronting on Sturtevant boulevard from 568 to 578 inclusive, and lots front-

ing on Leslie boulevard from 587 to 595, inclusive, except one full two-story (at least 18 feet studding) private residence for use of one family only, costing not less than $5,000, the first story of which shall be constructed of brick, stone, stucco or brick veneer, and usual garage, or out-buildings appurtenant thereto, and located not nearer than ten feet to east line of said lot; no porch, veranda or other projections shall be located nearer than 10 feet to east line thereof.

"(e) No building or structures shall be erected or maintained on any of the lots fronting on Sturtevant boulevard from 264 to 307, inclusive, and from 579 to 581, inclusive, and Leslie boulevard from 220 to 263, inclusive, except one full two-story (at least 18 feet studding) private residence for use of one family only, costing not less than $4,000; the first story of which shall be constructed of brick, stone, stucco, or brick veneer, and usual garage or out-buildings appurtenant thereto and located not nearer than 8 feet to east line of said lots; no porch, veranda or other projection shall be located nearer than 8 feet to east line thereof.

"(f) No building or structure shall be erected or maintained on any of lots fronting on Glendale avenue, except one full two-story private residence, for use of one family only costing not less than $3,000; or one private bungalow residence, for use of one family only, costing not less than $3,500, and usual garage or outbuildings, appurtenant thereto; said two-story private residence, or private bungalow residence to be located not nearer than 8 feet to east line of said lots.

"(g) No buildings or structure shall be erected or maintained on any of lots except lots 150 and 151, fronting on Buena Vista avenue, except one full two-story residence, costing not less than $3,000; or one two-family flat, or double house for use of two families only, costing not less than $4,500, and usual garage or out-buildings appurtenant thereto, said

private residence, two-family flat, or double house to be located not nearer than 5 feet to east line of said lots. No buildings or structures shall be located or maintained on lots 150 and 151, except two-story structures costing not less than $5,000.

"(h) No building or structure shall be erected or maintained on any of lots fronting on Tyler, Waverly or Indiandale avenues, except buildings costing not less than $2,500; said buildings, except on lots 1, 50, 51, 100 and 101 to be located not nearer than 5 feet to east line of said lots.

"(i) No building shall be erected or maintained on any of lots fronting on Livernois road, except a two-story structure costing not less than $2,000; or one-story brick, stone, stucco or brick veneer store.

"(j) The front of all buildings on all lots on Broadstreet boulevard, Sturtevant and Leslie boulevards, Old Mill Place, Highland and Glendale avenues, and south side of Buena Vista avenue, shall be located not nearer than 30 feet to front line of said lots and no porch, veranda or other projection shall be located nearer than 20 feet to front line of said lots, and front of all buildings, and structures on all lots on all other streets, except those fronting on Livernois road, shall be located not nearer than 25 feet to front line of said lots, and no porch, veranda or other projection, shall be located nearer than 15 feet to front line of said lots.

"(k) All buildings on all lots in this subdivision, except those fronting on Livernois road shall be erected prior to garages and out-buildings.

"(l) The sale of intoxicating liquors in any form shall not be permitted on any lot in this subdivision except that a druggist may sell the same for medicinal purposes in buildings constructed on Livernois road. No lot shall be sold, leased or occupied by any person other than one of Caucasian race.

"(m) All lots except those fronting on Livernois road shall be used for residence purposes only except that a dentist or physician may practice his profession in his residence.

"(n) The foundation of all structures except garages and out-buildings on all lots in this subdivision shall be brick, stone, or concrete construction.

"(o) The grade line of all structures, except garages and outbuildings shall be not more than 20 inches above sidewalk.

"(p) An easement is retained by grantor for benefits of itself, and its assigns, upon rear six feet of said lots on south side of Courtland avenue, and upon east six feet of said lots 595 and 568; said easement to be for sewer purposes, or other public utilities, which may be of use or benefit to this or the neighboring property. Access to said premises for purpose of installing, maintaining, or repairing such utilities is retained.

"(q) On all corner lots on Broadstreet boulevard no garage, stable, or out-building shall be located nearer than 25 feet to side street line; and on lots 414, 419 and 463, no other building or structure, or any porch, veranda or projection thereof shall be located nearer than 15 feet to southerly side line as provided in paragraph (a) and on lots 413, 418 and 464; no other building or structure, or any porch, veranda or projection shall be located nearer than 15 feet to northerly side lines."

Davison avenue was originally 66 feet wide when it was platted, and before that time there was a country road where Davison avenue is now located. Defendant Charles R. Locklin owns the south 52.70 feet of lot 1, and defendant Elliott A. Locklin owns the south 52.70 feet of lots 2 and 3. The north 47.30 feet of all three lots was condemned by the city of Detroit for the purpose of widening Davison avenue. The plat shows the subdivision consists of 723 lots, bounded on the north by Indiandale (now Davison) avenue; on the east, by Lovett (now Petoskey) avenue; on the south, by the south line of the

quarter-sections 11 and 12 of the 10,000-acre tract; and on the west, by Livernois avenue.

Neither plaintiffs nor their grantors were made parties defendant in the street widening case by the city, and there is no claim plaintiffs' rights were in any way affected by these condemnation proceedings. There were no violations of the restrictions affecting the plat in question until the defendants commenced erection of their oil and gasoline station.

The contention of defendants is well stated by Elliott Locklin, one of the defendants, who testified:

"I consider Davison avenue absolutely a business street at the present time. I don't think it would be practical to erect residences thereon. I know of only one residence on the south side of Davison avenue up to Linwood. It was moved back after the widening. I know that the liquor clause, known as paragraph 'L' has been violated in the Russell Woods Restaurant, the Manor Market, Kroger Grocery Store, A. & P. Store, the Night Hawk. There is a place between Glendale and Buena Vista on Livernois in Russell Woods which has been operating ever since prohibition. On Davison avenue, between Linwood and Livernois, there are at least five gasoline stations, possibly six. Two of them on the south side. There are some fruit stands, several garages operating for the repair of cars, and there is a one-story brick building being built at the present time, I imagine they are going to use for factory purposes. That is on the north side. There is a place on the south side where they sell cars, and there is a place next to it where they rent trailers, make trailers, gas station, it is storage for concrete mixers, a concrete mixer yard. There is a tennis court and skating rink operated in the winter time, nearly the entire block. I know there is a floral shop being operated there at the present time. I sold peat

at the corner of Davison and Petoskey to two of the plaintiffs. I have operated it for three years."

The facts are practically undisputed. The trial judge inspected the premises during the trial of the case and entered a decree for plaintiffs.

The restrictions in question affect only the particular plat. The widening of Davison avenue by the city and the establishment of street car tracks therein did not destroy the building restrictions. *Austin* v. *Van Horn,* 249 Mich. 347. It is the contention of defendants the conditions have so changed as to entitle them to erect the oil and gasoline station and this court ought not to restrain its construction. There is no doubt part of Davison avenue is not used strictly for residential purposes; but so far as the particular plat is concerned in which the restrictions in question are operative, there has been no violation of the building restrictions. The restrictions applicable to the plat here involved cannot extend beyond the particular plat or affect restrictions as to property not within the plat. Plaintiffs purchased their property in reliance upon the building restrictions. Defendants took their property knowing it was subject to building restrictions. These building restrictions constitute property. We think the trial court right in rendering a decree for plaintiffs protecting their property from injury by violation of such restrictions by defendants.

Decree affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, EDWARD M. SHARPE, and TOY, JJ., concurred.