RAIRIGH *v.* CARNELL.

STARK *v.* PARTRIDGE.

COVENANTS—RESIDENCE RESTRICTIONS—COMMERCIAL USES—HEAVILY
TRAVELED STREETS.
> Property owners in subdivision where lots, with certain express
> exceptions, were restricted to residence construction and use
> by covenants in deeds *held*, entitled to enjoin commercial
> construction and uses notwithstanding 21 addresses in 591
> restricted lots have residences displaying signs in windows of
> varying enterprises and six of the streets bounding and inter-
> secting the subdivision are heavily traveled streets.

Appeal from Wayne; Ferguson (Homer), J. Sub-
mitted June 12, 1936. (Docket Nos. 112, 113, Cal-
endar Nos. 39,058, 39,059.) Decided September 2,
1936. Rehearing denied October 16, 1936.

Five separate bills by Lawrence O. Rairigh and
Michael W. Stark and wives and others against
Frank Q. Carnell, Mae E. Partridge and others to
enforce building restrictions. Reserve Realty Com-
pany, a Michigan corporation, intervened as party
defendant in the case of Rairigh v. Carnell. Cases
consolidated for trial and appeal. Decrees for plain-
tiffs. Defendants Carnell, Reserve Realty Company,
Partridge and others appeal. Affirmed.

*William J. Harcourt,* for plaintiffs.

*Thomas F. Chawke,* for defendant Carnell.

*J. Richard Newman,* for defendant Reserve Realty
Company.

*Bernard A. Clark,* for defendants Partridge and others.

BUSHNELL, J. Five so-called building restriction cases were consolidated and tried as one. All of the properties involved are located in Eason's Palmer Park subdivision in the city of Highland Park. The subdivision is bounded on the north by Six Mile road, on the east by Woodward avenue, on the south by Louise avenue, and on the west by Hamilton boulevard. Second and Third avenues traverse the subdivision in a northerly and southerly direction between Woodward on the east and Hamilton on the west. These five streets and Six Mile road which runs in a northwesterly and southeasterly direction are heavily traveled thoroughfares extending through the cities of Detroit and Highland Park.

The recorded plats of the subdivision are dated 1905 and 1909. The parcels involved are: 1. Tear's, lots 575 and 576; 2. Partridge's, lot 569; 3. Arnold's, lot 570; 4. Gottman's, lot 498; 5. Carnell's, lots 499, 500 and 501.

Parcel 1, triangular in shape, is at the southwest corner of Six Mile road and Third avenue. Tear's home is on lot 577, his garage, erected in 1927, on 576 and part of 575 has been used for some time for the sale of flowers and nursery stock. Protests by adjacent property owners as to this use of the property were satisfied, until the commencement of this suit, by statements that the premises would be beautified with trees and shrubs. Lately Tear has extended his nursery operations to include the storing and sale of firewood and manure.

Parcel 2 at the southeast corner of the same streets, has on it a single residence and in the rear a garage facing Third avenue. For a short time this

garage was used as a sales place for fruits and automobile tires but this use was discontinued. Prior to the commencement of this action, Partridge permitted the garage to be used for the storage and rental of bicycles to the public and it is this commercial use of the property to which plaintiffs object.

Parcel 3 adjoins the Partridge property on the east and is occupied by a dwelling house which faces Portage avenue on the south. The garage in the rear facing Six Mile road has been altered so that it can be used for the business of selling gifts and novelties and operating a circulating library.

Parcel 4 is at the southwest corner of Grove and Six Mile road. Defendant Gottman, a tenant, operates a "beauty shop" in a rear room but it is said that all of its activities may be observed from the street, and although since removed, an electric sign was at one time erected to advertise the business.

Parcel 5 consists of three vacant lots forming a triangle, bounded on the south by Grove, on the west by Second and on the north by Six Mile road. Defendant Carnell obtained a building permit to construct on this property a "one story, masonry gas station, salesroom, greasing palace," etc., and plaintiffs filed their bill of complaint the next day, March 21, 1935.

The bill of complaint against Partridge was filed August 22, 1934, but the record does not contain either the calendar entries or pleadings in the three other cases.

The deeds to the respective properties all contain the same restrictive covenant, which reads:

"No building shall be erected hereon other than a single dwelling house with appurtenances thereon to be used for residence purposes only, and to be not

less than one and one-half stories high, and to cost not less than $1,300, and to be located not nearer than 20 feet to the front line of said lot, and that the front elevation of any building proposed within 12 years herefrom, to be built hereon, shall be submitted to and approved by Esther Eason, her agent or attorney.''

The plat of the subdivision shows that it contains 660 lots; of these 56 on Hamilton and 13 on Woodward are or may be used for business purposes. The remaining 591 lots, with the exception of a few vacant ones, are occupied exclusively by single residences in accordance with the restrictions of record. It is conceded by appellees that ''there are 21 addresses within the subdivision * * * which are residences in character and appearances but have signs in windows of varying enterprises, such as rooms to rent, piano teacher, two doctors' signs, a plumber's sign on a garage in an alley, garage to rent, and a lawn mower sharpener.''

Decrees were granted to plaintiffs in each of the five cases and the various defendants urge reversal on the grounds of waiver and abandonment of the restrictive covenants as to property which abuts on Six Mile road. The question of the change of character of this thoroughfare is also argued.

Somewhat similar restrictions on the use of property in an adjacent subdivision of like character and development were considered in *Swan* v. *Mitshkun,* 207 Mich. 70. Comparable questions of waiver and abandonment were determined in *Polk Manor Co.* v. *Manton,* 274 Mich. 539, and the changed character of a not too distant thoroughfare was considered in *Bigham* v. *Locklin,* 275 Mich. 545. These recent authorities are controlling and we see no reason for

restatements or quotations of the principles involved. Nor will a repetition of lengthy recitals alter our conclusions or be of any benefit to the profession. The record has been examined and the arguments of counsel considered but we are unable to distinguish the instant cases from those cited.

The decrees are affirmed, with costs to appellees.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.