WOUGHTER *v.* VAN MARTER.

1. COVENANTS—FOUNDATION LINE RESTRICTION—UNIFORM OBSERV-
ANCE.

Lot restriction requiring foundations of building erected thereon
to be at least 50 feet from front line thereof, which was uni-
formly inserted by subdivider in conveyances for lots sold and
uniformly observed so far as permanent structures are con-
cerned in block in which plaintiff's and defendant's lots are
located, *held,* valid and enforceable as protecting adjoining
owners as to light, air and view.

2. SAME—VIOLATION OF RESTRICTIONS—EQUITY.

Violations of building restrictions at some distance away do not
operate to destroy rights not seriously affected thereby and
equity will grant relief if the restriction can be shown to be
of value to the complainant.

3. SAME—TEMPORARY STRUCTURES.

Erection and maintenance of temporary structures in violation of
restriction as to location of foundation of buildings *held,* not
to result in its nullification.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted June 9, 1937. (Docket No. 49, Calendar
No. 39,489.) Decided October 4, 1937.

Bill by Lynn E. Woughter against Guy Van
Marter to restrain violation of a building restriction.
Bill dismissed. Plaintiff appeals. Reversed.

*Robert D. Anspach* (*A. Lewis Fineberg,* of coun-
sel), for plaintiff.

NORTH, J. This is an injunction bill brought for
the purpose of enforcing a building restriction. The

bill of complaint was dismissed by decree in the circuit court and plaintiff has appealed.

Plaintiff is the owner of lot four and defendant of lot five in Folker's Full Acre Farms subdivision, Garden City, Wayne county, Michigan. Defendant has undertaken the construction of a two-story building on lot five, the front of which building is located 9.1 feet from the street line of Ford road, on which the lots involved in this suit face. In all of the conveyances for lots sold by the subdivider there is contained a building restriction whereby it is provided that the foundation of any building constructed on the lot shall not be erected nearer than 50 feet from the front line thereof. Defendant claims that the restriction should be held to be unenforceable because of its having been violated by other property owners in the subdivision. But the record discloses that so far as permanent structures are concerned there are no material violations of this restriction in the block where the lots of these litigants are located. The nearest substantial encroachment is in the next adjoining block, a distance of approximately 1,500 feet from plaintiff's property. In addition to these departures from compliance with the building restriction, defendant had erected and maintained for some time on the front of his lot small temporary structures from which he had sold groceries and ice; but one of defendant's witnesses testified these were not of a permanent nature.

The trial judge was of the opinion that because this property is not restricted to residential use, and because in years to come the locality might develop into a business rather than a residential district, the restriction as to frontage setback should not be enforced. We are constrained to disagree with this conclusion. The restriction has been uniformly em-

bodied in the conveyances by the subdivider. There have been no substantial departures from its enforcement, and in fact none by the erection of permanent structures in the block in which plaintiff's lot is located. It is self-evident that the restriction and its uniform observance is of value to the property owners in this subdivision. It should be enforced notwithstanding it is not a restriction aimed at controlling the use to be made of buildings erected, but instead only their location upon the respective parcels, thus protecting adjoining owners as to light, air and view. Such restrictions are valid and enforceable. *Bagiano* v. *Harrow,* 247 Mich. 481.

"We have repeatedly held that violations of building restrictions some distance away do not operate to destroy rights not seriously affected thereby." *Bischoff* v. *Morgan,* 236 Mich. 251.

" 'The true rule seems to be that, even after one or more breaches, equity will grant relief if the restriction can be shown to be of value to complainant, * * * *Misch* v. *Lehman,* 178 Mich. 225, 228.' " *Burns* v. *Terzian,* 233 Mich. 627.

In the instant case the erection and maintenance of temporary structures in violation of the restriction did not result in its nullification. *Austin* v. *Van Horn,* 245 Mich. 344. The decree entered in the circuit court will be vacated and one entered in this court enjoining defendant from violating the restriction. Plaintiff will have costs of both courts.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.