SMITH *v.* NICKOLOFF.

1. COVENANTS—VIOLATIONS OF RESTRICTIONS—EQUITY.

Failure of property owners in the block to stop previous violations of restrictions in a subdivision does not prevent them from obtaining injunctive relief to prevent further violations where there has not been such a departure from the restrictions as to create an abandonment and equity will grant relief if the restriction can be shown of value to complainants.

2. SAME—SUBDIVISION RESTRICTIONS—ABANDONMENT—EQUITY.

Restrictions on lots of large and old subdivision that no dwelling worth less than $800 shall be erected or placed on them, which has been construed by residents to mean the property is to be used only for dwelling house purposes, may not be considered as waived or abandoned where there have been very few deviations and changes in neighborhood, due in part to use of nearby property outside of subdivision for other than residence purposes, do not leave restrictions without substantial benefit to plaintiffs.

3. SAME—INJUNCTION — RESIDENCE RESTRICTION—RESTAURANT—INTOXICATING LIQUOR—NUISANCE.

Plaintiffs, owners of lot adjacent to those owned by defendants, all in a subdivision subject to restriction of use to residence purposes only, *held*, entitled to injunction restraining defendants from moving onto their lots a building, not of sound-proof construction, in which restaurant had been operated on previous sites and liquor served therein and operation was accompanied with considerable disturbance, fighting and noise, both to enforce restriction shown to be of value to plaintiffs and to enjoin a nuisance.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 12, 1938. (Docket No. 124, Calendar No. 39,637.) Decided February 24, 1938.

Bill by Sidney F. Smith and wife against Nick Nickoloff and wife to enjoin the operation of a restaurant and enforce restrictions on the use of land. Decree for plaintiffs. Defendants appeal. Affirmed.

*Goodloe H. Rogers,* for plaintiffs.

*Charles S. Matthews,* for defendants.

BUTZEL, J. Plaintiffs are the owners of lot 605 fronting on South Boulevard, Pontiac, Michigan, which abuts lots 606 and 607 on the northwest corner of South Boulevard and Going street. All of the lots are in a very large subdivision upon which the restrictions provide, as to the three lots and others, that no dwelling worth less than $800 shall be erected or placed on them. We deem it unnecessary to discuss defendants' contention that the deeds to lots 606 and 607 contain no restrictions against the sale of liquor, although the deed to lot 605 contains such a provision. The subdivision is an old one and the restrictions have been construed by the residents to mean the property is to be used only for dwelling house purposes and there have been very few deviations. The restrictions on lots 606 and 607, if still in force, must be interpreted to forbid a commercial use.

For two years defendants operated a restaurant on the north side of South Boulevard, about 125 feet west of lot 605. Plaintiffs objected to the restaurant. They then moved diagonally across the street to a lot about 500 feet from plaintiffs' lot, but subsequently when this property was purchased by the Baldwin Rubber Company, defendants proposed to move their restaurant to lots 606 and 607, which they are purchasing under a land contract. Before they

began business on the new location, plaintiffs sued to enjoin operation of the restaurant, which consists of a converted street car to which a shed containing an ice box, kitchen and toilet facilities is attached.

Plaintiffs show that the subdivision was designed for workingmen's homes and contend that defendants' use not only violates the restrictions but also is a nuisance. Defendants claim that the neighborhood has changed and that the restrictions in the titles to their property made no provision against the sale of liquor.

The Baldwin Rubber Company maintains a very large factory on the south side of South Boulevard across from plaintiffs' property, but in a different subdivision. Defendants also call attention to the fact that within the subdivision there is a two-story building 200 feet west of plaintiffs' property, the upper floor being used for living apartments and the ground floor for a restaurant where beer is sold by the bottle. They also show that a brewery was constructed some three blocks away. However, there has not been such a deviation from the restrictions so as to constitute a waiver or abandonment of them. The failure of property owners in the block to stop previous violations of restrictions in the same block does not prevent them from obtaining injunctive relief to prevent further violations where there has not been such a departure from the restrictions so as to create an abandonment. Equity will grant relief if the restriction can be shown of value to complainants. *DeGalan* v. *Barak*, 223 Mich. 378; *Woughter* v. *Van Marter*, 281 Mich. 408. The fact that the restrictions were generally observed with but a few deviations in this very large subdivision refutes any claim of abandonment.

While the conditions in the neighborhood have changed to a certain extent, the restrictions are still of substantial benefit to plaintiffs. Plaintiffs show that considerable disturbance accompanied the operation of defendants' restaurant on its previous sites. Defendant serves liquor and the restaurant is not of sound-proof construction. Witnesses testified that on occasions there were intoxicated persons about the premises, fighting and making considerable noise until as late as 2 o'clock in the morning; if the restrictions are not enforced, plaintiffs' home life will be disturbed; they will be unable to sleep at night, and the enjoyment they formerly derived from sitting on their front porch in the summer time will be seriously curtailed. Since plaintiffs have a substantial interest which can be protected, equity will enforce the restrictions, as well as restrain a nuisance.

Plaintiffs were entitled to the injunctive relief upholding the restrictions granted by the trial judge, and his decree is affirmed, with costs to plaintiffs.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.