PINK *v.* ELDER.

1. COVENANTS—BUILDING RESTRICTIONS—WAIVER—ESTOPPEL.
   While lot owners in restricted subdivision, by failing to object to physician's practicing medicine in his home, may be estopped from enjoining continuance of such practice, they are not thereby estopped from enjoining erection on lot of one-story office building which does not conform to restrictions of subdivision.

2. SAME—RESIDENCE RESTRICTIONS—DOCTOR'S OFFICE—MINOR VIOLATIONS—CHANGE OF CHARACTER OF STREET.
   In suit to enjoin violation of subdivision building restriction limiting use of lots to residence purposes by doctor who sought to erect one-story office building apart from residence but connected therewith by hallway, evidence showing that plaintiffs, in another block, rented first floor of house to a plumber who had his sign in front of the place but did not carry on his business at that location and that elsewhere in the subdivision, consisting of several blocks, there existed a radio shop, place for distribution of handbills and newspapers, place for sale of flower pots, art studio, place for knitting instructions, sheet metal worker's establishment, nursery, beauty parlor, printing office, and residence wherein woman chiropractor lives and carries on her profession *held,* insufficient to justify a holding that the restriction was no longer operative in instance at bar, nor is there evidence that character of street has become a business thoroughfare to the extent that removal of restriction would be justified.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 5, 1941. (Docket No. 54, Calendar No. 41,641.) Decided October 6, 1941. Rehearing denied January 6, 1942, without prejudice to consideration of use of building at settlement of decree.

Bill by Samuel Pink and wife against William F. Elder and others to restrain violation of building restrictions. Bill dismissed. Plaintiffs appeal. Reversed.

*Louis A. Komjathy,* for plaintiffs.

*Bertran J. Couture,* for defendants William F. Elder and wife.

Wiest, J.　Defendant McClintock purchased from defendants Elder two lots in a subdivision, restricted to use for dwelling or residence purposes only, upon which there was a dwelling house, and engaged defendant William Elder to erect thereon a doctor's office, apart from the dwelling house but connected therewith by a hallway.　The office building is approximately 25 feet square, one story in height and will cost $3,000.　Plaintiffs are owners of a residence in the same subdivision but on another street and some distance away.　They filed the bill herein to enjoin erection of the office building.　Upon hearing, the court found changed conditions in that neighborhood and previous violations of the restrictions by others warranted relaxation of the restriction to the extent of permitting the office building, and dismissed the bill.　Plaintiffs review by appeal.

Defendant United Savings Bank of Detroit, holder of a mortgage on the premises, is no longer a party.

The mentioned restriction is in a plat of several blocks, recorded in 1914.

In support of the claim of changed conditions and that certain types of business are carried on within the same subdivision, there is evidence that a radio service shop, a place for the distribution of handbills and newspapers, a place for the sale of flower pots, an art studio, a place for knitting instructions, a sheet metal worker's establishment, a nursery, a beauty parlor, and a printing office exist in the subdivision.

Plaintiffs rent the first floor of their residence to a plumber, who has a small sign in front of the house, but does not carry on his business at that location, although on some occasions he has had plumber's supplies on the premises for short periods of time. In another residence · a woman chiropractor lives and carries on her profession.

In *French* v. *White Star Refining Co.*, 229 Mich. 474, the claim was made that building restrictions had been waived because electric signs had been erected on certain of the vacant lots and a doctor's sign had been hung from his residence. We held that such infractions were not of sufficient importance to sustain the claim of waiver.

The case at bar is governed in all respects by the holdings in *Boston-Edison Protective Ass'n* v. *Goodlove*, 248 Mich. 625. In that case defendant claimed that the restrictions were waived through plaintiff's acquiescence in permitting use by defendant of his home as a doctor's office. In the opinion we stated:

"While it is true that there has been no objection made to the defendant's practicing medicine at his home and using it as a doctor's office where patients consulted him, nevertheless, the defendant should not be able to violate further rights of· plaintiffs on account of his theretofore slight breach of the restrictive covenants in his deed. Plaintiffs are not estopped from preventing a most flagrant violation of the restrictions on account of their theretofore failure to stop a slight deviation from the strict letter of such restrictions. While it is true that by their acquiescence they may not be able to enjoin defendant from continuing to use his present home to the extent that it has been heretofore used as a doctor's office, they are still in a position to stop the more serious violation of the restrictions that would result from the erection of a new or adjoining build-

ing, one story in height, without basement, et cetera, which does not conform with the restrictions of the subdivision.''

The evidence fails to show previous violations of the restriction sufficient to justify a holding that the restriction was no longer operative in the instance at bar.

This disposes of the claim that plaintiffs are not in court with clean hands inasmuch as they permitted a small plumber's sign to be erected upon their property, which does no more than notify the public that a plumber resides there.

We find no evidence that the character of the street is so changed that it has become a business thoroughfare to the extent of removing the restriction here involved.

The decree in the circuit court is reversed and a decree will be entered in this court permanently restraining erection of the office building. Plaintiffs will recover costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.