SPENCE *v.* KUZNIA.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONED CLAIM.
Claim that building restrictions on city lot which defendants had purchased from State land office board had been modified by city zoning ordinance permitting the use of such lots for business and commercial purposes is not discussed where the claim has been abandoned.

2. Covenants—Change of Conditions.

 Fact that street on which lot faced had become more suitable for commercial purposes does not nullify restrictions permitting use thereof for erection of buildings to be used for residential purposes only.

3. Injunction—Covenants—Advantageous Use of Property.

 In a suit to enjoin erection of building for commercial purposes on city lot restricted to residential uses, brought by owners of other lots in the subdivision, the concern of a court is as to the property rights of the plaintiffs and not as to what might seem to be a more advantageous use of the property in the subdivision.

4. Covenants—Violations of Restrictions Elsewhere—Waiver.

 Violations of restrictive covenants in other blocks and on other streets of subdivision does not require lot owners to run to court to prevent them or, for failure to do so, remain supine when other and nearer violations threatened them with direct financial injury.

5. Injunction—Covenants—Waiver.

 Erection of church across street from plaintiff's lots, use of building on one lot in fourth block away for a beauty parlor, use of another property for a doctor's office and change of surrounding territory from residential to commercial character did not constitute such a waiver of restrictions confining use of buildings on all lots, except those facing another street, to residential purposes as to preclude lot owners from being entitled to restrain creation of store on adjacent lots.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 6, 1943. Docket No. 21, Calendar No. 42,496.) Decided November 29, 1943.

Bill by David Spence and others against Paul Kuznia and others to restrain building of a store building. Decree for defendants. Plaintiffs appeal. Reversed.

*Lewis Kearns*, for plaintiffs.

*Leo M. Church*, for defendants.

Boyles, C. J. The plaintiffs, and defendants Kuznia and wife, are owners of property located in Boulevard Heights subdivision in the city of Flint.

Defendant William Johnson is a contractor employed by Kuznia and wife, and the defendants John Doe and Mary Roe are unidentified and not elsewhere referred to in the record. For brevity, we hereinafter refer to "the defendants" as meaning Kuznia and wife. Defendants, in May, 1942, became the owners of lots 1 and 2, block 1, of this subdivision, by conveyance from the Michigan State land office board. The various lots and parcels in said subdivision are restricted pursuant to plat restrictions contained in the original plat of the subdivision. The conveyance from the previous owner, as well as the plat of Boulevard Heights subdivision, contained the following restrictions applying to the premises acquired by defendants (lots 1 and 2, block 1, of the subdivision):

"1. No buildings of any kind shall be erected except private dwellings, duplex, semidetached and apartment houses and appurtenances thereto, with private garage or private stables except on lots fronting on Pierson avenue which shall be reserved for mercantile and residential purposes.   *   *   *

"8. No building shall be erected, maintained or used for commercial purposes except on lots on Pierson road and no building shall be used for manufacturing purposes or the sale of intoxicating liquors."

It is conceded that defendants' property does not front on Pierson avenue and is not on Pierson road, that lots 1 and 2, block 1, face Saginaw street. Plaintiffs Spence and wife own lot 3, block 1, of the subdivision, on which they have an attractive semibungalow home. Lots 1 and 2, block 1, immediately east of the Spence home on lot 3, were vacant lots

when acquired by defendants. Shortly after defendants acquired title to lots 1 and 2 they started construction of a building thereon for commercial purposes, for operating a retail store or merchandising establishment. Mrs. Spence (plaintiff) promptly advised the defendants that their lots were restricted against business buildings. However, Kuznia continued his construction work, and this suit was immediately started to permanently enjoin the defendants from the construction of a building to be used for commercial purposes on lots 1 and 2. A temporary restraining order was issued.

Defendants first relied upon a claim that any building restrictions at the time the subdivision was platted had been modified by a zoning ordinance of the city of Flint permitting the use of lots 1 and 2, block 1, for business and commercial purposes. This claim has been abandoned and defendants subsequently rely on the claim that the building restrictions in said subdivision have been modified and changed by the character of the neighborhood and the use of Saginaw street for commercial purposes; that said restrictions have been voided as to Saginaw street by usage and custom, and that plaintiffs have slept too long on their rights to enforce the restrictions.

The proofs showed that no part of block 1 had been used for business or commercial purposes or occupied by a business building; that there was no lot in the next block north of block 1 so occupied or used. The only proof tending to show use of the subdivision for business purposes was that a small building had been erected on Saginaw street and used as a beauty parlor in the fourth block distant from block 1, the existence of which had only recently come to the attention of Mr. and Mrs. Spence; that there was a doctor's office in the subdivision; that a private residence had a little sign

indicating an insurance agent; and that a church was being erected on Saginaw street on the corner across the street from lots 1, 2 and 3. There had been no retail store or mercantile establishment erected or used as such in the restricted area of the plat. It was also shown that north Saginaw street beyond the subdivision was largely used for business and commercial purposes. There was further testimony that Saginaw street was burdened with heavy traffic, suitable for business purposes rather than residential.

Plaintiffs herein own homes in a subdivision restricted against the erection or use of buildings for commercial purposes. The record before us fails to establish that the character of the property in the subdivision has been changed from residential to commercial use, nor does it establish that the plaintiffs herein have acquiesced in any such change or use, nor have they been dilatory in seeking to maintain the restrictions. The fact that Saginaw street is now more suitable for commercial purposes does not nullify the restrictions. The question before us is as to the property rights of the plaintiffs, and not as to what might seem to be a more advantageous use of the property in the subdivision on Saginaw street.

Questions of law and fact as to the effect of such restrictive negative covenants have frequently been before this court. In *DeGalan* v. *Barak,* 223 Mich. 378, this court said:

"Has there been a waiver of the restrictions? Failure to prevent the erection of the four-family apartment and the semibungalow, at the east end of the block, has not abrogated the restrictions nor deprived plaintiffs of the right to prevent further and nearer violations and greater damage to their properties. The evidence discloses that the block in question retains, almost in its entirety, the character

intended and fixed by the restrictions. The claimed waiver is not made out. *Rosenzweig* v. *Rose,* 201 Mich. 681.

"Violations in other blocks and on other streets did not require plaintiffs to run to court to prevent them or, for failure to do so, remain supine when other and nearer violations of the restrictions threatened them with direct financial injury."

In *Farley* v. *Finn,* 226 Mich. 205, we said:

"This court has several times held in the last few years that failure of an owner in restricted territory to take action for prevention of violations in other blocks or on other streets in the restricted district does not necessarily deprive him of the right of enforcing the restrictions when a violation is attemped in proximity to his property which would especially and directly be injurious to him. *Schadt* v. *Brill,* 173 Mich. 647 (45 L. R. A. [N. S.] 726); *Misch* v. *Lehman,* 178 Mich. 225; *Stewart* v. *Stark,* 181 Mich. 408; *Davison* v. *Taylor,* 196 Mich. 605; *Rosenzweig* v. *Rose,* 201 Mich. 681; *Swan* v. *Mitshkun,* 207 Mich. 70; *McNair* v. *Raymond,* 215 Mich. 632; *Harley* v. *Zack,* 217 Mich. 549; *Harvey* v. *Rubin,* 219 Mich. 307; *Bohm* v. *Silberstein,* 220 Mich. 278; *DeGalan* v. *Barak,* 223 Mich. 378; *Nechman* v. *Ross,* 225 Mich. 112."

In *Bischoff* v. *Morgan,* 236 Mich. 251, we said:

"We have repeatedly held that violations of building restrictions some distance away do not operate to destroy rights not seriously affected thereby. See *Rosenzweig* v. *Rose,* 201 Mich. 681; *DeGalan* v. *Barak,* 223 Mich. 378; *Farley* v. *Finn,* 226 Mich. 205; *Burns* v. *Terzian,* 233 Mich. 627. By taking no action to prevent such violations, some distance away, defendants have not incurred the loss of the beneficial restriction. We find no waiver."

See, also, the recent decisions, *Rairigh* v. *Carnell*, 277 Mich. 62; *Pink* v. *Elder*, 299 Mich. 320; *Wilber* v. *Wisper & Wetsman Theatres*, 301 Mich. 117; *Carey* v. *Lauhoff*, 301 Mich. 168.

The circuit judge concluded that the erection of the church, beauty parlor, and the use of property for a doctor's office, although somewhat removed from the particular neighborhood of these plaintiffs, and the change of character of the surrounding neighborhood in its trend toward business, showed a change of condition and that plaintiffs had slept upon their rights and therefore were precluded from complaining of the proposed violation of the restriction. We feel that this is not in accordance with the opinions of this court.

A decree may be entered restraining the defendants from erecting any building on lots 1 and 2 of block 1 of the subdivision, to be used for commercial purposes. Costs to appellants.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.